LUKE THOMPSON
689 STONY HILL RD
YARDLEY, PA 19067
(215) 321-4144

DEFENDANT PRO SE

**10 CIV. 9488**

IN THE UNITED STATES DISCTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                       :
1010 SIXTH ASSOCIATES LLC,                             :
                                                       :
                              Plaintiff,               :          Civil Action No.
                                                       :
              -against-                                :          **NOTICE OF REMOVAL**
                                                       :
LUKE THOMPSON, JOHN DOE AND                            :
JANE DOE,                                              :
                                                       :
                              Defendants.              :
                                                       :
-------------------------------------------------------X

     Defendant, Luke Thompson, hereby files this Notice of Removal with the United States District Court for the Southern District of New York, and in support of the same, respectfully states as follows:

    1.    Luke Thompson filed a voluntary petition under chapter 7 of the Bankruptcy Code in the Bankruptcy Court on January 12, 2010. Such case is numbered 10-10121 (JMP) in the Bankruptcy Court.

    2.    Subsequent to filing that chapter 7 case, Thompson received a certified mailing with a Summons and Complaint in a civil action captioned <u>1010 Sixth Associate LLC v. Thompson, Et Al.</u>, Index No. 98989/2009 (hereinafter the "State Court Action") which had had been filed in the Civil Court of the State of New York, New York County.

Copies of the Summons and Complaint are attached as Exhibit (1) pursuant to Civ. R. 81.1.

3.     The first pleading or motion from which it may first be ascertained that the case is one which is or has become removable is the Plaintiff's motion, brought on or about November 17, 2010, where the Plaintiff seeks for the State Court to void proceedings based on 11 USC §362(a), and for the State Court restate the void proceedings to avoid the intent of 11 USC §362(a). Copies of these pleadings are attached as Exhibit (2) pursuant to Civ. R. 81.1.

4.     The federal law questions raised by the Plaintiff in its state court motion, to void proceedings based on 11 USC §362(a), and restate the void proceedings to avoid the intent of 11 USC §362(a), is substantial to the case, and provides this court with jurisdiction.

5.     As such, this court has jurisdiction over the State Court Action, and the State Court Action is removable to this Court pursuant to 28 USC §1334(b).

6.     This Notice of Removal is being filed in a timely manner pursuant to 28 USC §1452, as it has not been more than 1 year since the State Court Action was commenced, and it is within 30 day after receipt of the Plaintiff's motion making the case removable, on or about November 17, 2010.

7.     Upon removal, this action shall be referred to the US Bankruptcy Court pursuant to 28 USC §157, since the matters at issue revolve almost entirely on interpretation of 11 USC §362(a). In the event that any claim or cause of action asserted in the State Court Action is determined to be non-core, the defendant consents to the entry of final orders or judgments by a bankruptcy judge.

8.     By this Notice of Removal, Thompson does not wave any defenses available

in this action, including lack of service of process, in sufficiency of process, defective predicate, or any other procedural or substantive defects concerning the allegations in the Complaint.

9.     Pursuant to 28 U.S.C. §1446(d), written notice of the filing of this Notice of Removal will be served upon the Plaintiff.

10.     Pursuant to 28 U.S.C. §1446(d), written notice of the filing of this Notice of Removal and a true and correct copy thereof will be filed with the Civil Court of the State of New York, New York County.

WHEREFORE, DEFENDANT THOMPSON respectfully notifies this Court that the State Court Action pending in the Civil Court of the State of New York, New York County, bearing Index No. 98989/2009, has been removed to this Court in accordance with the foregoing statutory provisions and requests that the proceeding be referred to the Bankruptcy Court.

Dated:     New York, New York
           December 14, 2010

                              Respectfully submitted,

                              LUKE THOMPSON

                         By: _____
                              LUKE THOMPSON
                              689 Stony Hill Rd
                              Yardley, PA 19067
                              (215) 321-4144

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK:  HOUSING PART
------------------------------------------------------------------X

1010 SIXTH ASSOCIATES, LLC,

                               Petitioner-Landlord,

     -against-

LUKE THOMPSON
66 West 38th Street
Apartment #44C
New York, New York 10018

                         Respondent-Tenant,

ANDRE CONDIT, "JOHN DOE" AND/OR "JANE
DOE,"

                     Respondent-Undertenants.

First and/or last name of Undertenant(s) being fictitious and
unknown to Petitioner, Person intended being in possession of
the premises herein described
------------------------------------------------------------------X

**Index No.:** *098989*
**L&T** */2 010*

**NOTICE OF PETITION**
**HOLDOVER/RESIDENTIAL**

        To the Respondents above named and described, in possession of the premises hereinafter described or claiming possession thereof:

        **PLEASE TAKE NOTICE** that a hearing at which you must appear will be held at the Civil Court of the City of New York, County of New York, located at 111 Centre Street, Part _F_, Room _830_, on January _6_, 2010 at _2_ : _00_ o'clock of that day, on the annexed petition of 1010 SIXTH ASSOCIATES, LLC, verified on December _16_, 2009, which prays for a final judgment of eviction, awarding to the Petitioner the possession of the premises described as follows: Apartment #44C, located at 66 West 38th Street, in the City of New York, County of New York, as demanded in the petition, which you must answer.  Your answer may set forth any defense or counterclaim

BORAH,
GOLDSTEIN,
ALTSCHULER,
NAHINS &
GOIDEL, P.C.
377 BROADWAY
NY, NY 10013-3993
(212) 431-1300

F:\2-HOLDOVER DEPT\PETITIONS\H55298.doc
tp

PART_F_ ROOM_830_ TIME_2:00PM_

**PLEASE TAKE NOTICE** also that demand is made in the Petition herein for judgment against you for the rent arrears of $ 10,056.46 for the period through and including November 25, 2009, and the fair value of use and occupancy from November 26, 2009, at the monthly rate of $ 4,546.00, plus legal fees together with the costs and disbursements of this proceeding.

**PLEASE TAKE FURTHER NOTICE,** that under Section 745 of the Real Property Actions and Proceedings Law, you may be required by the Court to make a deposit of use and occupancy, or a payment of use and occupancy to the petitioner, upon your second request for an adjournment or if the proceeding is not settled or a final determination has not been made by the Court within 30 days of the first court appearance. Failure to comply with an initial deposit or payment order may result in the entry of a final judgment against you without a trial. Failure to make subsequent required deposits or payments may result in an immediate trial on the issues raised in your answer.

**PLEASE TAKE FURTHER NOTICE,** that your answer may be made at the time of hearing specified above unless this Notice of Petition is served upon you on or before the _29 th_ day of December, 2009, in which event you must answer at least THREE DAYS before the petition is noticed to be heard, either orally before the clerk of the court at his office or in writing by serving a copy thereof upon the undersigned attorney for the Petitioner, and by filing the original of such written answer with proof of service thereof in the office of the clerk at least THREE DAYS before the time the petition is noticed to be heard; in addition thereto, you must appear before the court at the time and place hereinabove set forth for the hearing.

BORAH,
GOLDSTEIN,
ALTSCHULER,
NAHINS &
GOIDEL, P.C.
377 BROADWAY
NY, NY 10013-3993
(212) 431-1300

F:\2-HOLDOVER DEPT\PETITIONS\H55298.doc
tp

**PLEASE TAKE FURTHER NOTICE**, that if you fail to interpose and establish any defense that you may have to the allegations of the petition, you may be precluded from asserting such defense or the claim on which it is based in any other proceeding or action.

In the event of your failure to answer and appear, final judgment by default may be entered against you for the relief demanded in the petition.

Dated:    New York, New York
          December _16_, 2009

JACK BAER
JACK BAER,
Clerk of the Civil Court
of the City of New York

*Jack Baer*
CHIEF CLERK
DEC 21 2009
NEW YORK COUNTY
CIVIL COURT

BORAH,
GOLDSTEIN,
ALTSCHULER,
NAHINS &
GOIDEL, P.C.
377 BROADWAY
NY, NY 10013-3993
(212) 431-1300

F:\2-HOLDOVER DEPT\PETITIONS\H55298.doc
tp

BORAH, GOLDSTEIN, ALTSCHULER, NAHINS & GOIDEL, P.C.

---

**ATTORNEY'S CERTIFICATION**

STATE OF NEW YORK, COUNTY OF ...........

The undersigned, an attorney admitted to practice in the State of New York, does hereby certify, pursuant to Section 2105 CPLR, that I have compared the within

with the original and have found it to be a true and complete copy thereof.

Dated: ...........

.........................................
Type or Print Name Below Signature

---

**NOTICE OF ENTRY OR SETTLEMENT**
[Check and complete appropriate box and section]

**PLEASE TAKE NOTICE** that a

Sir(s) / Madam(s):

☐ **NOTICE OF ENTRY**
of which the within is a (true) (certified) copy was duly entered in the within named court on ........... 200

☐ **NOTICE OF SETTLEMENT**
will be presented for settlement to the Hon. ........... one of the judges of the within named court at the Courthouse at

on ...........

at ........... o'clock ........... M.

Dated: ........... 200

Yours, etc.,

**BORAH, GOLDSTEIN, ALTSCHULER,
NAHINS & GOIDEL, P.C.**

Attorney(s) for

Office and Post Office Address
377 BROADWAY
NEW YORK, NY 10013-3993
(212) 431-1300
FAX NUMBER: (212) 334-0960

To:

Attorney(s) for

---

Indexed No. ........... L&T
CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: HOUSING PART

Year 200

**1010 SIXTH ASSOCIATES, LLC.,**

Petitioner-Landlord,

- against -

**LUKE THOMPSON**
66 West 38th Street
Apartment #44C
New York, New York 10018

Respondent-Tenant,

**"JOHN DOE" and/or "JANE DOE"**

Respondent-Undertenants.

---

**NOTICE OF PETITION**

Holdover:

Trial Date: **JANUARY 6, 2010**

H/O

---

**BORAH, GOLDSTEIN, ALTSCHULER,
NAHINS & GOIDEL, P.C.**

Attorney(s) for
Petitioner-Landlord

Office and Post Office Address
377 BROADWAY
NEW YORK, NY 10013-3993
(212) 431-1300
FAX NUMBER: (212) 334-0960

Please refer all communications

To: **ROBERT D. GOLDSTEIN** Esq.

Ext. ...........

or:

To: ........... Esq.

Ext. 400

Attorney(s) for

---

**ADMISSION OF SERVICE**

The undersigned acknowledges receipt of a copy of the within

on ...........

at ........... o'clock ........... M. ........... 200

by: .......................................

.........................................
Type or Print Name Below Signature

Attorney(s) for

---

**AFFIDAVIT OF SERVICE BY MAIL**

STATE OF NEW YORK
COUNTY OF ...........

........... being sworn, says:

I am not a party to this action, I am over 18 years of age; I reside at

On ........... 200 I served the within

upon

the attorney(s) for ........... in this action, at the address designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

.........................................
Type or Print Name Below Signature

Sworn to before me this ........... day of ........... 200

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK:  HOUSING PART
------------------------------------------------------------------ X

1010 SIXTH ASSOCIATES, LLC,

                    Petitioner-Landlord,

       -against-

LUKE THOMPSON
66 West 38th Street
Apartment #44C
New York, New York 10018

                    Respondent-Tenant,

ANDRE CONDIT, "JOHN DOE" AND/OR "JANE
DOE,"

                Respondent-Undertenants.

First and/or last name of Undertenant(s) being fictitious and
unknown to Petitioner, Person intended being in possession of
the premises herein described
------------------------------------------------------------------ X

**Index No.:** *098989*
**L&T**        /2 010

**PETITION
HOLDOVER/RESIDENTIAL**

      THE PETITION OF 1010 SIXTH ASSOCIATES, LLC, respectfully shows, upon information and belief, that:

      1.     Petitioner is authorized to maintain this proceeding.

      2.     Petitioner is the owner and landlord of the premises herein.

      3.     Respondent, LUKE THOMPSON, is the tenant of the premises, who entered into possession under a written rental agreement, dated on or about March 13, 2009, made between Respondent and Petitioner for a period of one (1) year and one (1) month, which commenced on April 1, 2009 and ends on April 30, 2010, unless sooner terminated.

BORAH,
GOLDSTEIN,
ALTSCHULER,
NAHINS &
GOIDEL, P.C.
377 BROADWAY
NY, NY 10013-3993
(212) 431-1300

F:\2-HOLDOVER DEPT\PETITIONS\H55298.doc
tp

4.     Respondents, ANDRE CONDIT, "John Doe" and/or "Jane Doe," are the undertenants in occupancy of the premises.

5.     The premises are described as Apartment #44C, located at 66 West 38th Street, New York, New York 10018, which is within the territorial jurisdiction of the Civil Court of the City of New York, County of New York.

6.     The Tenant defaulted in fulfilling his obligations pursuant to the aforesaid written rental agreement and in the manner specified in the Notice to Cure each of the paragraphs of said Notice to Cure shall constitute a separate subparagraph of this petition.

7.     As a result of said default, the Tenant was served with a Notice to Cure annexed hereto, with proof of service thereof, and incorporated herein as if fully set forth below.

8.     The Tenant failed to cure.

9.     The term for which the tenant rented said premises expired on November 25, 2009.

10.     At least seven (7) days before the expiration of the said term, the tenant was served in the manner provided for by law with a Notice of Termination in writing.

11.     A copy of said notice with proof of service is annexed hereto and made a part of this petition.

12.     The Respondent continues in possession of the premises without the permission of the Petitioner-landlord, after the expiration of said term.

BORAH,
GOLDSTEIN,
ALTSCHULER,
NAHINS &
GOIDEL, P.C.
377 BROADWAY
NY, NY 10013-3993
(212) 431-1300

13.     The apartment is presently subject to the Rent Stabilization Law of 1969, as amended by Chapter 403 of the laws of 1983, because it became subject to the Emergency Tenants Protection Act of 1974, as amended by Chapter 403 the laws of 1983, as the result of petitioner being the recipient of benefits under real property tax law Section 421-A.

14.     Pursuant to said law, the owner has duly registered this Unit with New York State Division of Housing and Community Renewal (D.H.C.R.) and the past due rent, if any is sought herein, does not exceed the legal rental for the premises as registered.

15.     The premises is a multiple dwelling and pursuant to the Housing Maintenance Code Article 41, there is a currently effective registration statement on file with the Office of Code Enforcement, in which the owner has designated the managing agent named below, a natural person over twenty-one (21) years of age, to be in control of and responsible for the maintenance and operation of the dwelling.

Multiple Dwelling Registration No:          141851
Registered Managing Agent's Name:          Robert Werner
Business Address:                          200 Madison Avenue-5th Fl
                                           New York, New York 10016

16.     Except for the apartment being sought in this proceeding, Petitioner lacks written information or notice of any address where the Respondent-tenant resides and/or is employed in New York State.

**PLEASE TAKE NOTICE** also that demand is made in the Petition herein for judgment against you for the rent arrears of $ 10,056.46 for the period through and including November 25, 2009, and the fair value of use and occupancy from November 26, 2009, at the monthly rate of $ 4,546.00, plus legal fees together with the costs and

BORAH,
GOLDSTEIN,
ALTSCHULER,
NAHINS &
GOIDEL, P.C.
377 BROADWAY
NY, NY 10013-3993
(212) 431-1300

F:\2-HOLDOVER DEPT\PETITIONS\H55298.doc
tp

disbursements of this proceeding, plus legal fees pursuant to the agreement between the

parties in the amount of $2,500.00, or such other amount as is determined by the Court

be awarded by the Court be awarded to Petitioner.

Dated:   New York, New York
         December  16 , 2009

                                        1010 SIXTH ASSOCIATES, LLC
                                        Petitioner

BORAH,
GOLDSTEIN,
ALTSCHULER,
NAHINS &
GOIDEL, P.C.
377 BROADWAY
NY, NY 10013-3993
(212) 431-1300

F:\2-HOLDOVER DEPT\PETITIONS\H55298.doc
tp

## <u>VERIFICATION</u>

STATE OF NEW YORK      )
                                           ) ss.:
COUNTY OF NEW YORK   )

      **ROBERT D. GOLDSTEIN**, being one of the attorneys for the Petitioners herein, hereby affirms under the penalties of perjury and pursuant to CPLR 2106 that he has read the foregoing petition and knows the contents thereof, and that upon information and belief, the same are true. The source of your affirmant's information and belief are oral statements, books and records furnished by the Petitioner, its agents and/or employees and material contained in the office files. This affirmation is made pursuant to RPAPL 741.

Dated:   New York, New York
        December 16 , 2009

                                   ROBERT D. GOLDSTEIN

BORAH,
GOLDSTEIN,
ALTSCHULER,
NAHINS &
GOIDEL, P.C.
377 BROADWAY
NY, NY 10013-3993
(212) 431-1300

F:\2-HOLDOVER DEPT\PETITIONS\H55298.doc
tp

## NOTICE TO CURE

H 55298

TO:                          LUKE THOMPSON

PREMISES:                66 West 38th Street
                             Apartment# 44C
                             New York, New York 10018

 **PLEASE BE ADVISED**, that you are violating a substantial obligation of

your tenancy and defaulted in your obligations pursuant to Paragraphs "1", "10", "12", "17"

of your lease dated March 13, 2009 as well as the Multiple Dwelling Law and the New

York City Administrative Code a/k/a Housing Maintenance Code Section 27-2075, Fire

Code and Building Code and 27-2006 insofar as you are allowing an unlawful number of

persons to occupy the subject premises and as such the overcrowding violates the law

and may subject the landlord to both Criminal and Civil Penalties, and you have also

installed pressurized walls in the premises, without the permission of the landlord.

 **PLEASE TAKE FURTHER NOTICE**, that the facts upon which the landlord

basis the foregoing conclusion includes, but are not limited to, the following:

 The landlord has conducted an investigation and discovered that you have

allowed five (5) adults to live in the subject premises.  The law limits the maximum

number of persons who may occupy the subject premises to be no more than one (1)

person per for 80 square feet of livable floor area.

 These unauthorized additional occupants create a dangerous condition

which threatens their health and safety and that of the other occupants of the building.

 You have installed pressurized walls in the premises, in violation of your

lease agreement and without the permission of the landlord, this illegal alteration violates

BORAH,
GOLDSTEIN,
ALTSCHULER,
NAHINS &
GOIDEL, P.C.
377 BROADWAY
NY, NY 10013-3993
(212) 431-1300

F:\2-HOLDOVER DEPT\NOTICES\H55298.doc
tp

the Fire Code and Building Code and creates a danger to the health and safety of the building's occupants.

    **PLEASE TAKE FURTHER NOTICE**, that if you fail to cure said default, by ceasing the unlawful overcrowding and occupancy in violation of the lease and law and removing all the walls which you installed without the landlord's permission on or before November _9_, 2009, a day which is not less than ten (10) days after the service of this notice upon you, then the landlord will elect to terminate your tenancy in accordance with the applicable provisions of the law.

    **PLEASE TAKE FURTHER NOTICE**, that this notice is served upon you pursuant to Section 2524.3(a) of the Rent Stabilization Code as amended.

    **PLEASE TAKE FURTHER NOTICE**, the apartment is presently subject to the Rent Stabilization Law of 1969, as amended by Chapter 403 of the laws of 1983, because it became subject to the Emergency Tenants Protection Act of 1974, as amended by Chapter 403 the laws of 1983, as the result of petitioner being the recipient of benefits under real property tax law Section 421-A.

    **PLEASE TAKE FURTHER NOTICE**, that any response to this notice should be sent and directed to BORAH, GOLDSTEIN, ALTSCHULER, NAHINS & GOIDEL, P.C., attorneys for the landlord herein at 377 Broadway, New York, New York 10013, attention ROBERT D. GOLDSTEIN, (212) 431-1300, Extension 400.

Dated:  New York, New York
        October _21_, 2009

                        1010 SIXTH ASSOCIATES LLC
                        (LANDLORD)

                        BY: _____
                        Name: Robert Werner
                        Title:  Registered Managing Agent

BORAH,
GOLDSTEIN,
ALTSCHULER,
NAHINS &
GOIDEL, P.C.
377 BROADWAY
NY, NY 10013-3993
(212) 431-1300

F:\2-HOLDOVER DEPT\NOTICES\H55298.doc
tp

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     ) : ss.:
COUNTY OF NEW YORK )

NADEEM VEERAPEN, being duly sworn, deposes and says:
      That I am not a party to the within action, am over 18 years of age and am employed by BORAH, GOLDSTEIN, ALTSCHULER, NAHINS & GOIDEL, P.C. at 377 Broadway, New York, New York 10013.

      That On 10/21/2009, I served the within: NOTICE TO CURE upon the respondent(s):

LUKE THOMPSON
66 West 38th Street, Apt. 44-C
New York, New York  10018

BY:   Certified Mail,
      Ordinary Mail, with Certificate of Mailing

by giving same in a postpaid, properly addressed envelope to a postal employee at a United States Post Office, in the Borough of Manhattan, City and State of New York for processing under the exclusive care and custody of the United States Postal Service within the City and State of New York.

_Nadeem Veerapen_
NADEEM VEERAPEN

Sworn to before me this,
  21  day of October  2009

_____
NOTARY PUBLIC

**ROBERT COLON**
**Notary Public, State of New York**
**No. 01CO5071375**
**Qualified in New York County**
**Commissioner Expires January 13, 20 )  )**

Case No.:H55298



US Postal Service

**Certified Mail Receipt**

Domestic Mail Only
No Insurance
Coverage Provided

7160 3901 9846 3359 1818

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $  3²⁴ |

Sent To:

LUKE THOMPSON
66 West 38ᵗʰ Street, Apt. 44-C
New York, New York  10018
(H55298)

PS Form 3800, January 2005     US Postal Service     **Certified Mail Receipt**

2



U.S. POSTAL SERVICE     **CERTIFICATE OF MAILING**
MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL. DOES NOT
PROVIDE FOR INSURANCE – POSTMASTER

Received From:

BORAH, GOLDSTEIN, ALTSCHULER,
NAHINS & GOIDEL, P.C.
377 BROADWAY
NEW YORK, NEW YORK 10013-3993

One piece of ordinary mail addressed to:

LUKE THOMPSON
66 West 38ᵗʰ Street, Apt. 44-C
New York, New York  10018
(H55298)

PS Form 3817, Mar. 1989

047JB2005814
$ 01.150
10/21/2009
Mailed From  10013
**US POSTAGE**

## NOTICE OF TERMINATION

H 55298

TO:                               LUKE THOMPSON

PREMISES:                    66 West 38th Street
                                   Apartment #44C
                                   New York, New York 10018

**PLEASE TAKE NOTICE**, that your tenancy in Apartment #44C, in the premises

located at 66 West 38th Street, New York, New York 10018, is hereby terminated effective

November  25, 2009, for the reasons that you failed to comply with the Notice to Cure,

dated October  21, 2009, a copy of which is annexed hereto and made a part hereof and

incorporated herein, as if fully set forth below.

**PLEASE TAKE FURTHER NOTICE**, the apartment is presently subject to the

Rent Stabilization Law of 1969, as amended by Chapter 403 of the laws of 1983, because it

became subject to the Emergency Tenants Protection Act of 1974, as amended by Chapter

403 the laws of 1983, as the result of petitioner being the recipient of benefits under real

property tax law Section 421-A.

**PLEASE TAKE FURTHER NOTICE**, that you are hereby required to quit, vacate

and surrender possession for the demised premises to the landlord, on or before November

25, 2009, and that upon your failure to so quit, vacate and surrender possession, the

landlord will commence appropriate proceedings to recover possession of the premises.

Dated:   New York, New York
            November 10, 2009

                                   1010 SIXTH ASSOCIATES LLC, (LANDLORD)

                                   BY: _____
                                   Name: Robert Werner
                                   Title:   Registered Managing Agent

BORAH,
GOLDSTEIN,
ALTSCHULER,
NAHINS &
GOIDEL, P.C.
377 BROADWAY
NY, NY 10013-3993
(212) 431-1300

F:\2-HOLDOVER DEPT\NOTICES\H55298.doc
tp

## NOTICE TO CURE

H 55298

TO:               LUKE THOMPSON

PREMISES:         66 West 38th Street
                  Apartment# 44C
                  New York, New York 10018

**PLEASE BE ADVISED**, that you are violating a substantial obligation of your tenancy and defaulted in your obligations pursuant to Paragraphs "1", "10", "12", "17" of your lease dated March 13, 2009 as well as the Multiple Dwelling Law and the New York City Administrative Code a/k/a Housing Maintenance Code Section 27-2075, Fire Code and Building Code and 27-2006 insofar as you are allowing an unlawful number of persons to occupy the subject premises and as such the overcrowding violates the law and may subject the landlord to both Criminal and Civil Penalties, and you have also installed pressurized walls in the premises, without the permission of the landlord.

**PLEASE TAKE FURTHER NOTICE**, that the facts upon which the landlord basis the foregoing conclusion includes, but are not limited to, the following:

The landlord has conducted an investigation and discovered that you have allowed five (5) adults to live in the subject premises. The law limits the maximum number of persons who may occupy the subject premises to be no more than one (1) person per for 80 square feet of livable floor area.

These unauthorized additional occupants create a dangerous condition which threatens their health and safety and that of the other occupants of the building.

You have installed pressurized walls in the premises, in violation of your lease agreement and without the permission of the landlord, this illegal alteration violates

BORAH,
GOLDSTEIN,
ALTSCHULER,
NAHINS &
GOIDEL, P.C.
377 BROADWAY
NY, NY 10013-3993
(212) 431-1300

F:\2-HOLDOVER DEPT\NOTICES\H55298.doc

the Fire Code and Building Code and creates a danger to the health and safety of the building's occupants.

   **PLEASE TAKE FURTHER NOTICE**, that if you fail to cure said default, by ceasing the unlawful overcrowding and occupancy in violation of the lease and law and removing all the walls which you installed without the landlord's permission on or before November ___9___, 2009, a day which is not less than ten (10) days after the service of this notice upon you, then the landlord will elect to terminate your tenancy in accordance with the applicable provisions of the law.

   **PLEASE TAKE FURTHER NOTICE**, that this notice is served upon you pursuant to Section 2524.3(a) of the Rent Stabilization Code as amended.

   **PLEASE TAKE FURTHER NOTICE**, the apartment is presently subject to the Rent Stabilization Law of 1969, as amended by Chapter 403 of the laws of 1983, because it became subject to the Emergency Tenants Protection Act of 1974, as amended by Chapter 403 the laws of 1983, as the result of petitioner being the recipient of benefits under real property tax law Section 421-A.

   **PLEASE TAKE FURTHER NOTICE**, that any response to this notice should be sent and directed to BORAH, GOLDSTEIN, ALTSCHULER, NAHINS & GOIDEL, P.C., attorneys for the landlord herein at 377 Broadway, New York, New York 10013, attention ROBERT D. GOLDSTEIN, (212) 431-1300, Extension 400.

Dated:   New York, New York
       October  21 , 2009

                1010 SIXTH ASSOCIATES LLC
                (LANDLORD)

                BY: _____
                Name: Robert Werner
                Title:   Registered Managing Agent

BORAH,
GOLDSTEIN,
ALTSCHULER,
NAHINS &
GOIDEL, P.C.
377 BROADWAY
NY, NY 10013-3993
(212) 431-1300

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK   )
                           ) : ss.:

COUNTY OF NEW YORK )

NADEEM VEERAPEN, being duly sworn, deposes and says:
That I am not a party to the within action, am over 18 years of age and am employed by BORAH, GOLDSTEIN, ALTSCHULER, NAHINS & GOIDEL, P.C. at 377 Broadway, New York, New York 10013.

That On <u>11/10/2009</u>, I served the within: <u>NOTICE OF TERMINATION</u> upon the respondent(s):

LUKE THOMPSON
66 West 38th Street
Apartment # 44-C
New York, New York  10018

BY:   Certified Mail,
       Ordinary Mail, with Certificate of Mailing

by giving same in a postpaid, properly addressed envelope to a postal employee at a United States Post Office, in the Borough of Manhattan, City and State of New York for processing under the exclusive care and custody of the United States Postal Service within the City and State of New York.

                                                   NADEEM VEERAPEN

Sworn to before me this,
____ day of November  2009

NOTARY PUBLIC

ROBERT COLON
Notary Public, State of New York
No. 01CO5071375
Qualified in New York County
Commissioner Expires January 13, 20___

                                                  Case No.:H55298

7160 3901 9846 3359 0442

| US Postal Service **Certified Mail Receipt** Domestic Mail Only No Insurance Coverage Provided | Postage | $ |
| | Certified Fee | |
| | Return Receipt Fee (Endorsement Required) | |
| | Restricted Delivery Fee (Endorsement Required) | |
| | Total Postage & Fees | $ 324 |

Postmark Here — NOV CHURCH STREET STATION NEW YORK, NY 10007

Sent To:

LUKE THOMPSON
66 West 38th Street
Apartment # 44-C
New York, New York  10018
(H55298)

PS Form 3800, January 2005      US Postal Service      **Certified Mail Receipt**

2



U.S. POSTAL SERVICE      **CERTIFICATE OF MAILING**
MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL, DOES NOT
PROVIDE FOR INSURANCE — POSTMASTER

Received From:

BORAH, GOLDSTEIN, ALTSCHULER,
NAHINS & GOIDEL, P.C.
377 BROADWAY
NEW YORK, NEW YORK 10013-3903

One piece of ordinary mail addressed to:

LUKE THOMPSON
66 West 38th Street
Apartment # 44-C
New York, New York 10018
(H55298)

PS Form 3817, Mar. 1989

047J82005814:
$01.150
11/10/2009
Mailed From 10013
US POSTAGE



## ATTORNEY'S CERTIFICATION

STATE OF NEW YORK, COUNTY OF

The undersigned, an attorney admitted to practice in the State of New York, does hereby certify, pursuant to Section 2105 CPLR, that I have compared the within

with the original and have found it to be a true and complete copy thereof.

Dated: .................................... 200

...................................................
Type or Print Name Below Signature

### NOTICE OF ENTRY OR SETTLEMENT
(Check and complete appropriate box and section)

Sir(s) / Madam(s):

**PLEASE TAKE NOTICE** that a

☐ NOTICE OF ENTRY

of which the within is a (true) (certified) copy was duly entered in the within named court on

☐ NOTICE OF SETTLEMENT

will be presented for settlement to the Hon.

one of the judges of the within named court at the Courthouse at

on

at ............ o'clock ............ M.

Dated:

Yours, etc.,

**BORAH, GOLDSTEIN, ALTSCHULER,**
**NAHINS & GOIDEL, P.C.**

Attorney(s) for

Office and Post Office Address

377 BROADWAY
NEW YORK, NY 10013-3993
(212) 431-1300
FAX NUMBER (212) 334-0960

To:
Attorney(s) for

---

Index No.    **L&T   09B989**
Year 2010

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: HOUSING PART

at

**1010 SIXTH ASSOCIATES, LLC.,**

Petitioner-Landlord,

- against -

**LUKE THOMPSON**
66 West 38th Street
Apartment #44C
New York, New York 10018

Respondent-Tenant,

"JOHN DOE" and/or "JANE DOE"

Respondent-Undertenants.

## PETITION

Holdover:

Trial Date: *JANUARY 6, 2010*

---

**BORAH, GOLDSTEIN, ALTSCHULER,**
**NAHINS & GOIDEL, P.C.**

Attorney(s) for   Petitioner-Landlord

Office and Post Office Address

377 BROADWAY
NEW YORK, NY 10013-3993
(212) 431-1300
FAX NUMBER: (212) 334-0960

Please refer all communications

To:   **ROBERT D. GOLDSTEIN**       Esq.
400

or:                                Esq.
Ext.

To:

Attorney(s) for

---

### ADMISSION OF SERVICE

The undersigned acknowledges receipt of a copy of the within

on ............................................ 200
at .................... o'clock ............ M.

by: ...................................................

Attorney(s) for

---

### AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK
COUNTY OF

being sworn, says:
I am not a party to this action; I am over 18 years of age; I reside at

On .................................... 200    I served
the within
upon

the attorney(s) for                **in this**
action, at

the address designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

...................................................
Type or Print Name Below Signature

Sworn to before me
this ............ day of ............................ 200

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK : HOUSING PART F
-------------------------------------------------------------- X

1010 SIXTH ASSOCIATES, LLC,

                 Petitioner-Landlord,

         -against-

LUKE THOMPSON
66 West 38th Street – Apt. #44C
New York, NY  10018,

                Respondent-Tenant,

ANDRE CONDIT, "JOHN DOE" AND/OR "JANE
DOE",

              Respondents-Undertenants.

-------------------------------------------------------------- X

Index No.: L&T
098989/09

**NOTICE OF
MOTION**

P E R S O N S:

         PLEASE TAKE NOTICE, that upon the annexed Affirmation of STEVEN

H. COHEN, ESQ., the Affidavit of KRISTEN KOSSEN, the annexed Exhibits  hereto;

and upon all the pleadings and proceedings heretofore had herein, the undersigned will

move this Court at a Motion Term, Part F, Room 830, at the Courthouse located at 111

Centre Street, New York, New York, on the 1st day of December, 2010, at 9:30 o'clock

in the forenoon of that day or as soon thereafter, as the parties can be heard, for an

Order:

1. Restoring the case to the court's calendar; and

2. Granting Petitioner a final judgment of possession in the
   sum of $55,412.46 with issuance and execution of a
   warrant of eviction forthwith; or

3. In the alternative, directing Respondent, Luke Thompson
   to pay to the Petitioner all retroactive use and occupancy
   in the sum of $55,412.46 and prospective use and
   occupancy *pendente lite*; and

4. Together with such other and further relief as to the Court
   may seem just and proper.

PLEASE TAKE FURTHER NOTICE, that pursuant to CPLR §2214(b)

answering affidavits, if any, must be served at least two (2) days prior to the return date.

Dated: New York, NY
         November 6, 2010

                                        Yours, etc.

                                        BORAH, GOLDSTEIN, ALTSCHULER,
                                        NAHINS & GOIDEL, P.C.
                                        Attorneys for Petitioner
                                        377 Broadway
                                        New York, NY  10013
                                        (212) 431-1300

                                        BY: _____
                                             STEVEN H. COHEN

TO: LUKE THOMPSON
     Respondent, *Pro Se*
     66 West 38th Street – Apt. 44C
     New York, NY  10018

     LUKE THOMPSON
     Respondent, *Pro Se*
     689 Stony Hill Road - #4
     Yardley, PA  19067

2

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK : HOUSING PART F
------------------------------------------------------------ X

1010 SIXTH ASSOCIATES, LLC,

                 Petitioner-Landlord,

       -against-

LUKE THOMPSON
66 West 38th Street – Apt. #44C
New York, NY  10018,

               Respondent-Tenant,

ANDRE CONDIT, "JOHN DOE" AND/OR "JANE
DOE",

           Respondents-Undertenants.

------------------------------------------------------------ X

**Index No.: L&T
098989/09**

**AFFIRMATION IN
SUPPORT**

       **STEVEN H. COHEN**, an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms the following to be true pursuant to CPLR § 2106 and under penalties of perjury.

       1.    I am of counsel to the law firm of BORAH, GOLDSTEIN, ALTSCHULER, NAHINS & GOIDEL, P.C., attorneys for the Petitioner herein, and as such, I am fully familiar with the facts and circumstances involved herein to the extent set forth below.

       2.    This Affirmation is respectfully submitted in support of the instant motion by which Petitioner requests an order restoring the case to the court's calendar and granting Petitioner a final judgment of possession in the sum of $55,412.46 with issuance and execution of a warrant of eviction forthwith, or in the alternative, directing Respondent, Luke Thompson, to pay to Petitioner all retroactive use and occupancy in the sum of $55, 412.46 and prospective use and occupancy *pendente lite*, together with such other relief as the Court may deem just and proper.

3.     For all the following reasons, Petitioner's motion should be granted in its entirety.

4.     This summary holdover proceeding was commenced by Petitioner against Respondent by service of a Notice of Petition and Petition dated December 16, 2009 pursuant to RPAPL § 735.  Annexed hereto as Exhibit "A" are photocopies of the Notice of Petition and Petition.

5.     Respondent failed to appear in court on January 6, 2010 and his default was entered on court's record with an inquest hearing scheduled on February 5, 2010.

6.     On January 12, 2010 Respondent filed an Answer with the Court. A copy is annexed hereto as Exhibit "B."

7.     On February 5, 2010 Respondent again failed to appear in Court and Petitioner proceeded to prove its case at an inquest hearing before Judge Timmie Elsner who issued a Decision and Judgment granting Petitioner a judgment of possession with issuance of a warrant of eviction forthwith, its execution stayed through February 15, 2010.  A copy of the Decision and Judgment is annexed hereto as Exhibit "C".

8.     On March 12, 2010, Respondent's motion to vacate his default was granted by Judge Gerald Lebovits.  A copy of the order is annexed hereto as Exhibit "D".

9.     By order dated March 29, 2010, the Petitioner's motion for Respondent's payment of use and occupancy was granted on default and Respondent was directed to pay to Petitioner $13,713.00 and April rent without prejudice by April 14,

2

F:\steven_cohen\NOTICE OF MOTION\1010 Sixth Associates, LLC v. Luke Thompson et al. 11 5 10.doc

2010 and also to pay use and occupancy *pendente lite* for the entire proceeding.  A copy of the Decision/Order is annexed hereto as Exhibit "E".

10.    Respondent moved by Order to Show Cause returnable on April 14, 2010 to vacate his default on March 29, 2010.

11.    On April 14, 2010 Judge Gerald Lebovits issued an Order denying Respondent's motion and reinstating the inquest judgment granted to Petitioner on February 5, 2010.  The Order further found Respondent owed $18,259.00 in use and occupancy for the period of January through April, 2010.  A copy of the Order is annexed hereto as Exhibit "F".

12.    On May 4, 2010 an Order was issued by Judge Gerald Lebovits vacating Respondent's defaults on March 29, 2010 and April 14, 2010 on condition that Respondent pay $18,259.00 by May 17, 2010.  The Order also granted Petitioner a final judgment of possession for $18,259.00 with issuance of a warrant of eviction forthwith and its execution stayed through May 17, 2010.  A copy of the May 4, 2010 Order and Decision and Judgment are annexed hereto as Exhibit "G".

13.    As indicated in the accompanying Affidavit of Petitioner's agent, Kristen Kossen, the Respondent failed to pay to Petitioner the sum of $18,259.00 as required by the Court's Order and has made no additional payments to Petitioner although continuing to occupy the subject premises.  Moreover, the Respondent currently owes to the Petitioner the sum of $55,412.46 in use and occupancy through November, 2010.

14.     When the Respondent failed to pay to the Petitioner the sum of $18,259.00 as required, a Notice of Eviction dated June 23, 2010 was served on the Respondent.  A copy of the Notice of Eviction is annexed hereto as Exhibit "H".

## Respondent's Bankruptcy Cases

15.     On June 24, 2010, just before his eviction was scheduled by the Marshal to take place, the Respondent filed what Petitioner's counsel has since learned was Respondent's second Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court, Southern District of New York (In Re: Luke Thompson a/k/a B1Mgmt. (sole-prop.), a/k/a Thomas Paine Capital (sole-prop.) under Case No. 10-10121(JMP)(the "Second Bankruptcy Case").

16.     Upon receiving notice of Respondent's filing of his Second Bankruptcy case, an investigation of the U.S. Bankruptcy Court records by Petitioner's counsel, revealed for the first time that Respondent had previously filed a Chapter 7 Bankruptcy Petition on January 12, 2010.

17.     Petitioner's counsel learned from this investigation that Respondent had on January 12, 2010 filed his first Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court, Southern District of New York (In Re: Luke Thompson, d/b/a B1 Mgmt. (sole-prop.), d/b/a Thomas Paine Capital (sole-prop.) under Case No. 10-10121 (JMP)("the First Bankruptcy Case"), in which the Respondent failed to list the Petitioner as a creditor, or list the lease for the subject apartment as an executory contract, or record the existence of the instant pending summary proceeding.  A copy of the Verified Petition is annexed hereto as Exhibit "I".

18.    Respondent also failed to make any mention of his filing of the First Bankruptcy Case in his Answer and various motions.  The Respondent never verbally apprised Petitioner's counsel or this court of the existence of his First Bankruptcy Case, despite his numerous court appearances over a five month period.

19.    The only mention Respondent made of a bankruptcy proceeding was his statement at one of the last court appearances before he filed his Second Bankruptcy Case, that he intended to file one, i.e., in the future; certainly at this time, Respondent should have revealed the existence of his First Bankruptcy Case, but he instead chose to keep it a secret.

20.    On June 21, 2010 an Order of Dismissal of the Respondent's First Bankruptcy Case was issued by the United States Bankruptcy Judge, James M. Peck. A copy of the Order is annexed hereto as Exhibit "J".

21.    On September 23, 2010, an Order was issued in Respondent's Second Bankruptcy Case by Judge James M. Peck vacating the automatic stay imposed by the Bankruptcy Code.  The court's Order stated as follows:

> "as to the Landlord's interests in the Apartment, and Landlord may enforce its rights in, and remedies in and to, the Apartment, including, but not limited to, executing on any warrant of eviction issued by the New York State Courts."

A copy of the Order is annexed hereto as Exhibit "K".

22.    Petitioner must ask the Court for the relief demanded in this motion because under bankruptcy law, all the actions taken in this case subsequent to January 12, 2010, the date of the filing of the First Bankruptcy Case through June 21, 2010, the date of the dismissal of the First Bankruptcy Case, were void, even though done inadvertently by Petitioner and the Court, due to Respondent's failure to apprise this

5

Court of the pending First Bankruptcy Case and to list Petitioner as a creditor, as required by law.

23.     Clearly, since this case was commenced prior to the filing of the First Bankruptcy Case, it is still a properly pending proceeding.

24.     It would be a perversion of justice and highly prejudicial to Petitioner if Respondent were allowed to benefit from his apparently intentional subterfuge in hiding the existence of the First Bankruptcy Case from the Petitioner and the Court for five (5) months, despite numerous applications and appearances.

25.     Given that Respondent's First Bankruptcy Case was dismissed, and the automatic stay due to the Respondent's filing of his Second Bankruptcy Case has been vacated by the Bankruptcy Court, and given that the Respondent failed to give either the Petitioner or this Court any notice of the filing of his First Bankruptcy Case, and based upon the fact that Respondent has remained in possession of the subject premises without paying use and occupancy to the Petitioner, it is respectfully requested that this Court issue an order granting Petitioner a final judgment of possession in the sum of $55,412.46 with issuance and execution of a warrant of eviction forthwith.

26.     In the alternative, if the court elects to not grant Petitioner a judgment and warrant of eviction at this time, Petitioner respectfully requests that the Court issue an order directing Respondent to pay Petitioner use and occupancy in the sum of $55,412.46 through November, 2010 and prospective use and occupancy *pendente lite*.

**WHEREFORE**, your deponent respectfully requests that the instant motion be granted in its entirety, together with such other and further relief as the court may deem just and proper.

Dated: New York, NY
      November 5, 2010

                                                                                 STEVEN H. COHEN

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK : HOUSING PART F
------------------------------------------------------------ X

1010 SIXTH ASSOCIATES, LLC,

                                    Petitioner-Landlord,

            -against-

LUKE THOMPSON
66 West 38th Street – Apt. #44C
New York, NY  10018,

                                    Respondent-Tenant,

ANDRE CONDIT, "JOHN DOE" AND/OR "JANE
DOE",

                              Respondents-Undertenants.
------------------------------------------------------------ X

Index No.: L&T
098989/09

**AFFIDAVIT IN**
**SUPPORT**

        **KRISTEN KOSSEN**, being duly sworn, deposes and says:

        1.      I am employed by ROSE ASSOCIATES, INC., the Petitioner's property management company, as property manager for the subject premises.

        2.      I submit this Affidavit in support of Petitioner's motion by which Petitioner requests a final judgment of possession in the sum of $55,412.46 with issuance and execution of the warrant of eviction forthwith, or in the alternative, an order directing Respondent to pay to Petitioner use and occupancy in the sum of $55,412.46 and prospective use and occupancy *pendente lite*.

        3.      Respondent, Luke Thompson, failed to pay to Petitioner the sum of $18,259.00 by May 17, 2010 as required by this Court's May 4, 2010 Order.

        4.      The current monthly use and occupancy for the subject premises, based upon the last stabilized rent under the lease is $4,545.00.