USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/3/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
1010 SIXTH ASSOCIATES LLC,

                      Plaintiff,

          -against-

LUKE THOMPSON,

                      Defendant.
-------------------------------------------------------X

ORDER OF DISMISSAL

10 Civ. 9488 (LAP)

LORETTA A. PRESKA, Chief United States District Judge:

    On December 15, 2010, Defendant filed this Notice of Removal, pursuant to 28 U.S.C. § 1446(a), in connection with a holdover proceeding in New York City Civil Court, New York County. The Court grants Plaintiff's request to proceed *in forma pauperis* but dismisses the matter for the reasons set forth below.

## STANDARD OF REVIEW

    The Court has the authority to screen *sua sponte* an *in forma pauperis* complaint at any time pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). While the law authorizes dismissal on any of these grounds, district courts "remain obligated to construe *pro se* complaints liberally." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Thus, *pro se* complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted).

## BACKGROUND

Defendant is being sued by his former landlord for $55,412.46 in housing court. See 1010 Sixth Associates, LLC v. Thompson, Index No.: L&T 098989/09.[1] Attached to Defendant's pleading is an affirmation, submitted by the landlord in the housing case, stating that Defendant was served by summons and complaint on December 16, 2009, and the parties have been in court since then. Defendant filed two Chapter 7 bankruptcy petitions in 2010. See In re Thompson, 10-10121 (S.D.N.Y. Jan. 12, 2010) (closed); In re Thompson, 10-13377 (June 24, 2010) (letter motion to dismiss pending). Defendant asserts that "the first pleading or motion from which it may be ascertained that the case is one which is or has become removeable is [his] motion, brought on or about November 17, 2010, where [he] seeks for the State Court to void proceedings" based on the automatic bankruptcy stay, pursuant to 11 U.S.C. § 362(a).[2] Defendant provides a Pennsylvania address, but it is unclear where he is domiciled.

## DISCUSSION

Pursuant to 28 U.S.C. § 1441(b), "[a]ny civil action <u>of which the district courts have original jurisdiction</u> founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of" the parties. 28 U.S.C. § 1441(b) (emphasis added). The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented (§ 1331) or plaintiff and defendant are of diverse citizenships and the amount in question exceeds $75,000 (§ 1332). "'[I]n our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter

---

[1] http://iapps.courts.state.ny.us/housing/AppearanceServlet?parm=Appearance&indexNo=98989&county=30&year=2009 (New York State Unified Court System website, last visited on January 14, 2011).

[2] Defendant does not provide any details about the bankruptcy proceedings. According to the previously referenced affirmation, the automatic bankruptcy stay was vacated on September 23, 2010.

jurisdiction'" United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994) (quoting Manway Constr. Co. v. Housing Auth. of Hartford, 711 F.2d 501, 503 (2d Cir. 1983)). Moreover, "[w]here jurisdiction is lacking,... dismissal is mandatory." Id.; see also Fed. R. Civ. P. 12(b)(1) and 12(h)(3).

To invoke federal question jurisdiction, Defendant's claim must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. A federal question must appear on the face of a properly pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). It is not sufficient for jurisdictional purposes that a federal question arise via a defense. See Vaden v. Discover Bank, 129 S. Ct. 1262 (2009). Defendant's allegations do not provide a basis for federal jurisdiction under 28 U.S.C. § 1331. Federal courts do not have subject matter jurisdiction over state landlord/tenant matters. See United Mutual Houses, L.P. v. Andujar, 230 F. Supp. 2d 349 (S.D.N.Y. 2002). Defendant's assertion that the holdover proceedings were held in violation of the automatic stay provision of 11 U.S.C. § 362 is insufficient to confer the Court with federal question jurisdiction over this dispute. See City of Rome, N.Y. v. Verizon Communications Inc., 362 F.3d 168, 174-75 (2d Cir. 2004).

To raise state law claims in federal court, Defendant must allege that the parties are of diverse citizenship and that the amount in question exceeds $75,000. 28 U.S.C. § 1332; Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 68 (2d Cir. 1990). Defendant must allege to a "reasonable probability" that the claim is in excess of $75,000. Colavito v. N.Y. Organ Donor Network, Inc., 438 F.3d 214, 221 (2d Cir. 2006). Even if the Court assumes that Defendant is domiciled in Pennsylvania, the amount in controversy does not meet the requisite statutory amount.

In any event, Defendant's Notice of Removal is untimely.

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). Defendant filed his Notice of Removal on December 15, 2010, one year after he was served with a summons and complaint. As Defendant's assertion of a federal defense in November 2010 fails to confer this Court with subject matter jurisdiction, it likewise fails to render this submission timely. Accordingly, the Notice of Removal is denied and the matter is remanded to state court. 28 U.S.C. § 1447(c).

## CONCLUSION

The Clerk of Court is directed to assign this case to my docket. The Notice of Removal is denied, the case is dismissed, and the matter shall be remanded to the Civil Court of the City of New York, New York County. The Clerk of Court is directed to mail a certified copy of this Order to the Clerk of the New York City Civil Court, New York County.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*[signature]*
LORETTA A. PRESKA
Chief United States District Judge

Dated: FEB 03 2011
New York, New York

ORDER OF DISMISSAL AND APPEAL
INSTRUCTIONS MAILED BY PRO SE OFFICE
ON 2/3/11