UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

1010 SIXTH ASSOCIATES LLC

                              Plaintiff,

          - against -

LUKE THOMPSON, ET AL.

                              Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

10 Civ. 9488 (LAP )

**ORDER TO SHOW CAUSE
FOR PRELIMINARY INJUNCTION
AND TEMPORARY RESTRAINING
ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-3-2011

Upon the affidavits of ____LUKE THOMPSON_____, sworn to

the _3rd_ day of _March___, _2011_ and upon the copy of the ~~complaint~~ notice of removal hereto annexed, it is

ORDERED, that the above named ~~defendant~~ plaintiff show cause before a motion term of

this Court, at Room _____, United States Courthouse, 500 Pearl Street, in the City, County and

State of New York, on _April___ _13_, _2011_, at _____ o'clock in the _____noon

thereof, or as soon thereafter as counsel may be heard, why an order should not be issued

pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining the defendant during the

pendency of this action from _enforcing orders of the Civil Court of New York County, issued after effectuation of removal upon filing the_

_notice of removal with the civil court on 12/20/2010, but before_
remand on 2/3/2011_____; and it is further _Specifically a default judgment after inquest, for my failure to appear in state Court on 12/22/10, (after removal)._

ORDERED that, sufficient reason having been shown therefor, pending the

hearing of ~~plaintiff's~~ defendant's application for a preliminary injunction, pursuant to Rule 65, Fed. R. Civ. P.,

the defendant is temporarily restrained and enjoined from _enforcing orders of the_

_Civil Court of New York County, issued after effectuation of_

removal upon filing the notice of removal with the civil court on
12/20/2010, but before remand on 2/3/2011.

_____; and it is further

        ORDERED that security in the amount of $_____n/a_____ be posted by the
                n/a                     n/a
plaintiff prior to _____ ____, _____, at _____ o'clock in the ____noon of that

day; and it is further

        ORDERED that personal service of a copy of this order and annexed affidavit

upon the defendant or his counsel on or before _____ o'clock in the ____noon, _____

_____ ____, _____, shall be deemed good and sufficient service thereof.


DATED:   New York, New York

ISSUED:   _____M


                                  _____
                                    United States District Judge

*Orders & Judgments 2/2/805-0143*

IN THE UNITED STATES DISCTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
                                                           :
1010 SIXTH ASSOCIATES LLC,                                 :
                                                           :
                              Plaintiff,                   :     No. 10-cv-9488 (LAP)
                                                           :
                    -against-                              :
                                                           :     **AFFIDAVIT IN**
                                                           :     **APPLICATION FOR AN**
LUKE THOMPSON, JOHN DOE AND                                :     **ORDER TO SHOW**
JANE DOE,                                                  :     **CAUSE**
                                                           :
                              Defendants.                  :
                                                           :
-----------------------------------------------------------X

LUKE THOMPSON declares:

1.    I am the pro-se Defendant and removing party in this case, and I am over 18.

2.    I filed a notice of removal with this court on December 15, 2010 (**Exhibit A**).

3.    Then, on December 20, 2010, at 3:06PM, the state court stamped as entered, my letter advising the clerk of the removal and indicating that notice of removal was attached thereto, which it was.

4.    A true STAMPED ENTERED copy of this notice is attached as **Exhibit B**).

5.    Then, also on December 20, 2010, I filed a notice of compliance with this court indicating that I filed the necessary documents with the state court and transmitted via overnight delivery a copy of the notice to the Plaintiff's attorney. These filings in this court are attached as **Exhibit C.**

6.    Then, on December 21, 2010, at 2:00PM, my letter to the Plaintiff notifying them of removal and containing a copy of the pleading was sent to the Plaintiff's attorney and signed for by at their mailroom by a Mr./Ms. "Rodriguez." (copy of letter and delivery receipt attached hereto as **Exhibit D** and **Exhibit E** respectively)

7.    In order to properly perfect removal, I refrained from litigating the matter in state court farther, but the state court and plaintiff ignored the notice of removal filed

there (proof of filing attached as **Exhibit B**). Despite this, on 12/23/2010, the state court issued a default judgment anyway against me for failure to appear! The judgment was issued "after inquest" in the amount of $60,208.46 at 12:08PM on 12/22/2010. A copy of this void ab initio order is attached as **Exhibit F** (showing the extreme ignorance and contempt for any federal law, including bankruptcy law, by the state court, which is why I sought removal in the first place; no matter how outlandish the Plaintiff's request to re-argue bankruptcy law in the state court as a threshold matter to the case, I have no faith in the state court's ability to properly adjudicate that threshold matter).

## BACKGROUND OF GROUNDS FOR REMOVAL

8.     In November 2010 (within 30 days of removal), in attempting to research how I can get the bankruptcy law that the Plaintiff invoked to receive relief in state court, properly applied to my case (which I believe will only happen in a federal court), I found another case in this court where the Defendant successfully removed a case to this Court after the Plaintiff interposed bankruptcy law in a request for relief from the state court, where this Court subsequently denied Plaintiff's motion for remand and referred the matter to the Bankruptcy Court, what I seek in my removal. I then effected this proper Notice of Removal.

## URGANCY OF RELIEF

9.     Upon receiving the remand order, apparently the state court again misinterpreted federal law, since on March 2, 2011 (yesterday), the marshal notified me that it received an order from the state court ordering execution of the VOID December 22, 2010 order of that court, **issued without authority since the case had already been removed at that time**.

**10.**     The effect of the order, which is not only against me, but for "John Doe" persons occupying the apartment, which includes evicting these John Doe persons who are models signed with my business B1 Model Management, which is still loosing money, but improving. The imminent eviction severely threatens my business.

11.     **I JUST RECEIVED NOTICE OF THIS FROM THE MARSHAL TODAY AT APPRXIMATELY 1PM, AND IMMEDIATELY BEGUN PREPARING THIS APPLICATION IN AN ATTEMPT FOR SAME-DAY**

**RELIEF TO RESTRAIN THE ENFORCEMENT FOR THE VOID 12/23/2010 JUDGMENT.**

12.   The court refrained from issuing the warrant until after the case had been remanded apparently, but the Plaintiff proceeded with its effort to enforce the void judgment, as on 1/5/2011, the marshal applied for a warrant to enforce the void order (**Exhibit G**), which apparently was just granted YESTERDAY since the court received the order of remand. This is obviously improper, because the default judgment after inquest and order were void ab initio.

13.   I did not anticipate the court allowing enforcement of a judgment that was clearly void.

**REQUEST TO VACATE SUA SPONTE REMAND ORDER**

14.   In addition to my request for interim relief, I also seek for cause to be shown why the Court should not vacate its 3/2/11 sua sponte order of remand, which is clearly incorrect on its surface, mistaking who the Plaintiff and Defendant is in the opening paragraph, and again numerous times throughout, and basis its order on this confusion, citing that I (as the Plaintiff) was the one who filed the motion in state court which was based on bankruptcy law, and since a party cannot remove a case based on a federal defense, the case was remanded sua sponte. However, it was actually the Plaintiff (my adversary) who invoked federal law in its pleading, and put the matter of bankruptcy law to the state court as a threshold matter. In response, I properly saught removal.

15.   I argue that the case, while no doubt complex, is certainly not so un-meritorious that it warrants a sua sponte remand order under that legal standard. I would concede that the complexities of the matter (I could not find a similar case) may not prove a "clear and obvious" right to removal, but likewise, there's also not a "clear and obvious" right to remand either, in favor of referral to the Bankruptcy Court, as I requested in my notice of removal. Furthermore, the Plaintiff has shown utter contempt for the removal, continuing to litigate the case in state court and failing to move for remand within 30 days, as required.

16.   To that end, I request that the flawed sua sponte order of remand be vacated in its entirety. A copy of the order of remand is attached hereto as **Exhibit H**.

WHEREFORE, DEFENDANT THOMPSON respectfully requests that the Plaintiff, 1010 Sixth Associates LLC, show cause why an order should not be granted (1) Vacating the 2/3/2011 sue spontne order of remand and (2) Declaring void all orders issued by the Civil Court of New York County, issued between the date removal was effectuated (12/20/2010), and the date of remand (2/3/2011).

AND pending hearing on those matters, for the Court to restrain the Plaintiff and from the sheriff and/or marshal from enforcing orders entered by the state court in the removed case after the notice of removal (earlier filed in this court) was filed in THAT court and delivered to the plaintiff, properly effectuation removal.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on March 3, 2011 at 4:18 in the aftnoon.

LUKE THOMPSON

# EXHIBIT A

LUKE THOMPSON
689 STONY HILL RD
YARDLEY, PA 19067
(215) 321-4144

DEFENDANT PRO SE

# 10 CIV. 9488

IN THE UNITED STATES DISCTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                :

1010 SIXTH ASSOCIATES LLC,        :

               Plaintiff,     :        Civil Action No.

                    :

        -against-      :      **NOTICE OF REMOVAL**

                    :

LUKE THOMPSON, JOHN DOE AND  :
JANE DOE,

                    :

           Defendants.   :

                    :
------------------------------------------------------------X

      Defendant, Luke Thompson, hereby files this Notice of Removal with the United

States District Court for the Southern District of New York, and in support of the same,

respectfully states as follows:

      1.     Luke Thompson filed a voluntary petition under chapter 7 of the Bankruptcy

Code in the Bankruptcy Court on January 12, 2010. Such case is numbered 10-10121

(JMP) in the Bankruptcy Court.

      2.     Subsequent to filing that chapter 7 case, Thompson received a certified

mailing with a Summons and Complaint in a civil action captioned 1010 Sixth Associate

LLC v. Thompson, Et Al., Index No. 98989/2009 (hereinafter the "State Court Action")

which had had been filed in the Civil Court of the State of New York, New York County.

Copies of the Summons and Complaint are attached as Exhibit (1) pursuant to Civ. R. 81.1.

3.      The first pleading or motion from which it may first be ascertained that the case is one which is or has become removable is the Plaintiff's motion, brought on or about November 17, 2010, where the Plaintiff seeks for the State Court to void proceedings based on 11 USC §362(a), and for the State Court restate the void proceedings to avoid the intent of 11 USC §362(a). Copies of these pleadings are attached as Exhibit (2) pursuant to Civ. R. 81.1.

4.      The federal law questions raised by the Plaintiff in its state court motion, to void proceedings based on 11 USC §362(a), and restate the void proceedings to avoid the intent of 11 USC §362(a), is substantial to the case, and provides this court with jurisdiction.

5.      As such, this court has jurisdiction over the State Court Action, and the State Court Action is removable to this Court pursuant to 28 USC §1334(b).

6.      This Notice of Removal is being filed in a timely manner pursuant to 28 USC §1452, as it has not been more than 1 year since the State Court Action was commenced, and it is within 30 day after receipt of the Plaintiff's motion making the case removable, on or about November 17, 2010.

7.      Upon removal, this action shall be referred to the US Bankruptcy Court pursuant to 28 USC §157, since the matters at issue revolve almost entirely on interpretation of 11 USC §362(a). In the event that any claim or cause of action asserted in the State Court Action is determined to be non-core, the defendant consents to the entry of final orders or judgments by a bankruptcy judge.

8.      By this Notice of Removal, Thompson does not wave any defenses available

in this action, including lack of service of process, in sufficiency of process, defective predicate, or any other procedural or substantive defects concerning the allegations in the Complaint.

   9.    Pursuant to 28 U.S.C. §1446(d), written notice of the filing of this Notice of Removal will be served upon the Plaintiff.

   10.    Pursuant to 28 U.S.C. §1446(d), written notice of the filing of this Notice of Removal and a true and correct copy thereof will be filed with the Civil Court of the State of New York, New York County.

   WHEREFORE, DEFENDANT THOMPSON respectfully notifies this Court that the State Court Action pending in the Civil Court of the State of New York, New York County, bearing Index No. 98989/2009, has been removed to this Court in accordance with the foregoing statutory provisions and requests that the proceeding be referred to the Bankruptcy Court.

Dated:        New York, New York
              December 14, 2010

                                        Respectfully submitted,

                                        LUKE THOMPSON


                              By:
                                        LUKE THOMPSON
                                        689 Stony Hill Rd
                                        Yardley, PA 19067
                                        (215) 321-4144

# EXHIBIT B

LUKE THOMPSON
689 STONY HILL RD
YARDLEY, PA 19067
(215) 321-4144

*Part*
*2/22/1*

December 17, 2010

**VIA UPS GROUND**
New York County Civil Court
Landlord and Tenant Clerk's Office
111 Centre St, Room 225
New York, NY 10013

**Re:**   **NOTICE OF REMOVAL**

Jack Baer (Chief Clerk) or whom it may concern:

Please be advised that that case in your office captioned *1010 Sixth Associate LLC v. Luke Thompson*, Index# LT-98989-2009 has been removed to the United States District Court located at 500 Pearl Street; New York, NY 10007 on December 15, 2010. A judge has not yet been assigned.

In this civil court, this case was assigned Part X to the best of my knowledge.

This letter shall serve as the written notification of removal required pursuant to 28 USC §1446(d), and a copy of the Notice of Removal filed is enclosed.

*State Court's Stamp @ 12/20/10 - 3:06 PM*

Regards,

Luke Thompson, Defendant

# EXHIBIT C

LUKE THOMPSON
689 STONY HILL RD
YARDLEY, PA 19067
(215) 321-4144

DEFENDANT PRO SE

RECEIVED

10 DEC 20  PM 5:42

U.S. DISTRICT COURT
S.D.N.Y

IN THE UNITED STATES DISCTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                   :

1010 SIXTH ASSOCIATES LLC,          :

                     Plaintiff,     :

                            :

            -against-       :

                            :

LUKE THOMPSON, JOHN DOE AND    :
JANE DOE,                        :

                  Defendants.   :

                            :
------------------------------------------------------------X

Civil Action No. *10-CV-9488*

**NOTICE OF COMPLIANCE
WITH 28 USC §1446**

     Defendant, Luke Thompson, respectfully submits a notice of compliance with 28

USC §1446(d). Exhibits attached hereto contain copies of letters sent to the state court and

the Plaintiff's attorney:

     **EXHIBIT 1** – Letter to Stephen Cohen, Esq., Attorney for the Plaintiff
     **EXHIBIT 2** – Letter to Judge Capella Re: 12/23 hearing in state court Part X
     **EXHIBIT 3** – Letter to Judge Wendt Re: 12/30 hearing in state court Part Y
     **EXHIBIT 4** – Letter to Jack Baer, state court clerk

Dated:     New York, New York
           December 20, 2010

                         Respectfully submitted,

                         LUKE THOMPSON

LUKE THOMPSON
689 STONY HILL RD
YARDLEY, PA 19067
(215) 321-4144

RECEIVED

10 DEC 20  PM 5: 42

US DISTRICT COURT

**CHAMBERS COPY**

December 17, 2010

**VIA UPS GROUND**
New York County Civil Court
**For delivery to Judge Capella's Chambers (Room 655)**
c/o Clerk's Office
111 Centre St, Room 225
New York, NY 10013

Re:   SCHEDULED PROCEEDINGS AFFECTED BY NOTICE OF REMOVAL

Dear Judge Capella (12/23 Part X Judge):

Please be advised that the following hearings in a case assigned to you, *1010 Sixth Associate LLC v. Luke Thompson*, Index# LT-98989-2009, are canceled as an effect of having been removed to the United States District Court located at 500 Pearl Street; New York, NY 10007, on December 15, 2010.

| Trial | December 23, 2010 | Part X – Judge Capella |
|---|---|---|
| Motion | December 30, 2010 | Part Y – Judge Wendt |

This letter shall serve as the written notification of removal required to judges scheduled to conduct proceedings in the case after the Notice of Removal.

The Notice of Removal is being contemporaneously filed with the clerk along with a similar letter notifying the clerk of this case's removal pursuant to 28 USC §1446(d).

Regards,

Luke Thompson, Defendant

LUKE THOMPSON
689 STONY HILL RD
YARDLEY, PA 19067
(215) 321-4144

RECEIVED

10 DEC 20  PM 5:42

CHAMBERS
COPY

December 17, 2010

**VIA UPS GROUND**
New York County Civil Court
**For delivery to Judge Wendt's Chambers (Room 664)**
c/o Clerk's Office
111 Centre St, Room 225
New York, NY 10013

Re:   SCHEDULED PROCEEDINGS AFFECTED BY NOTICE OF REMOVAL

Dear Judge Wendt (12/30 Part Y Judge):

Please be advised that the following hearings in a case assigned to you, *1010 Sixth Associate LLC v. Luke Thompson*, Index# LT-98989-2009, are canceled as an effect of having been removed to the United States District Court located at 500 Pearl Street; New York, NY 10007, on December 15, 2010.

| | | |
|---|---|---|
| Trial | December 23, 2010 | Part X – Judge Capella |
| **Motion** | **December 30, 2010** | **Part Y – Judge Wendt** |

This letter shall serve as the written notification of removal required to judges scheduled to conduct proceedings in the case after the Notice of Removal.

The Notice of Removal is being contemporaneously filed with the clerk along with a similar letter notifying the clerk of this case's removal pursuant to 28 USC §1446(d).

Regards,

Luke Thompson, Defendant

LUKE THOMPSON
689 STONY HILL RD
YARDLEY, PA 19067
(215) 321-4144

RECEIVED

10 DEC 20  PM 5:42

U.S. DISTRICT COURT
S.D.N.Y.

December 17, 2010

**<u>VIA UPS GROUND</u>**
New York County Civil Court
Landlord and Tenant Clerk's Office
111 Centre St, Room 225
New York, NY 10013

**Re:**   NOTICE OF REMOVAL

Jack Baer (Chief Clerk) or whom it may concern:

Please be advised that that case in your office captioned *1010 Sixth Associate LLC v. Luke Thompson*, Index# LT-98989-2009 has been removed to the United States District Court located at 500 Pearl Street; New York, NY 10007 on December 15, 2010. A judge has not yet been assigned.

In this civil court, this case was assigned Part X to the best of my knowledge.

This letter shall serve as the written notification of removal required pursuant to 28 USC §1446(d), and a copy of the Notice of Removal filed is enclosed.

Regards,

Luke Thompson, Defendant

# EXHIBIT D

LUKE THOMPSON
689 STONY HILL RD
YARDLEY, PA 19067
(215) 321-4144

RECEIVED

10 DEC 20  PM 5: 42

U.S. DISTRICT COURT
S.D.N.Y.

December 17, 2010

**VIA UPS GROUND**
Borah, Goldstein
377 Broadway
New York, NY 10013

**Re:**   NOTICE OF REMOVAL

Mr. Stephen Cohen:

Please be advised that your case captioned *1010 Sixth Associate LLC v. Luke Thompson*,
Index# LT-98989-2009 has been removed to the United States District Court located at
500 Pearl Street; New York, NY 10007 on December 15, 2010. A judge has not yet been
assigned.

This letter shall serve as the written notification of removal required pursuant to 28 USC
§1446(d). A courtesy copy of the notice of removal, and of my required letters to the
clerk (Jack Baer) and the judges assigned to the case (Capella and Wendt) are also
enclosed.

Regards,

Luke Thompson, Defendant

# EXHIBIT E



**Tracking Detail**

Print   Help   A A **A**

## 1ZA9877E0397756178    Add Description

Updated: 03/03/2011 4:15 P.M. Eastern Time

**Delivered**

**Delivered On:**
Tuesday, 12/21/2010 at 2:00 P.M.

**Left At:**
Mail Room

**Signed By:**
RODRIGUEZ

Proof of Delivery

Add Notification »

Report a Claim »

### Shipping Information

**To:**
**377 BROADWAY**
4
NEW YORK, NY, 10013, US

### Shipped By

**UPS Ground**

The 2011 race season is finally here
ups.com/racing
Watch exclusive video »

### Additional Information

| Reference Number(s): | COST CENTER: 1745 |
| Shipped/Billed On: | 12/19/2010 |
| Type: | Package |
| Weight: | 1.00 lb |

### Shipment Progress

| Location | Date | Local Time | Activity What's This? |
|---|---|---|---|
| New York, NY, United States | 12/21/2010 | 2:00 P.M. | Delivered |
| United States | 12/19/2010 | 7:20 P.M. | Order Processed: Ready for UPS |

Back to Shipping History

Subscribe to UPS E-mail:   Modify E-mail Preferences   View Examples      Site Feedback

**Contact UPS**
Browse Online Support
E-mail UPS
Call Customer Service

**Support**
Open a Shipping Account ⓐ
Manage Accounts ⓐ
Access Billing Options
Change Your Delivery

**Solutions for:**
Healthcare
Small Business
High Tech
More...

**Other UPS Sites:**
Select One

WE ♡ LOGISTICS™

Home   About UPS   Site Guide   Investors   Careers   Pressroom   UPS Global   UPS Mobile   UPS Blog

Service Terms and Conditions   Website Terms of Use   Privacy Policy   Protect Against Fraud

Copyright © 1994-2011 United Parcel Service of America, Inc. All rights reserved.

---

**United States**

Welcome, Morgan Stanley | Logout   Search

My UPS   Shipping   Tracking   Freight   Locations   Support   Business Solutions   Preferred   Strategic

Tracking Number     ▮     View Tracking History     Other Tracking Options

# EXHIBIT F

12/22/10 void

State court order

10/22 Ref. for inquest
to Hon. Capella as
P+4 judge

DEC 2 2 2010 After inquest, pet
awarded a PJ + Warr. possession
execution stayed 10 days +
a money jdt for rental arrears
$60,208 46 (11:56 — 12:08pm)
Adj to

**JOSEPH E. CAPELLA**
**JUDGE, HOUSING COURT**

7/19/11
Part 11
11648 @ 9:30 for
attny
fee
hearing.

$60,208.46 + Possession