*Return Date:*
*April 1 2011*
*9³⁰ AM*
*500 Pearl St Room #12*

**PRO SE OFFICE** (KJ)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*1010 Sixth Associates LLC*

(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)

- against -

*Luke Thompson, Et al*

10 **Civ.** 9488 *LAP*

**NOTICE OF MOTION**

DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-9-2011

(In the space above enter the full name(s) of the defendant(s)/respondent(s).)

**PLEASE TAKE NOTICE** that upon the annexed affirmation of *Luke Thompson*
(name)

affirmed on *Feb 26*, 20 *11*, and upon the exhibits attached thereto *(delete if no*
(date)

*exhibits)*, the accompanying Memorandum of Law in support of this motion *(delete if there is no*

*Memorandum of Law),* and the pleadings herein, plaintiff/~~defendant~~ will move this Court, before
(circle one)

*Hon Loretta A. Preska,* United States District/~~Magistrate~~ Judge, for an order
(Judge's name)                                    (circle one)

pursuant to Rule *60(a)* of the Federal Rules of Civil Procedure granting *(state what you want the*

*Judge to order): Vacating of her 2/3/11 sua sponte order of remand, for*
*oversights/omissions that are apparent on the surface of the*
*order namely its declaration that I was the one who brought the 11/2010*
*motion in State court raising the threshold matter of Bankruptcy Law.*
*It was in fact the Plaintiff's motion (NOT mine).*

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: *New York, NY*
(city)    (state)
*February 28*, 20 *11*
(month)   (day)   (year)

Signature _____
Address *689 Stony Hill Rd*
*Yardley PA 19067*
Telephone Number *215-321-4144*
Fax Number *(if you have one) Same*

*Rev. 05/2007*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_1810 Sixth Associates LLC_

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

- against -

_Luke Thompsson, Et al_

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

_10_ Civ. _9488 (LAP)_

**AFFIRMATION IN
SUPPORT OF MOTION**

I, _Luke Thompsson_, **affirm under penalty of perjury** that:

*(name)*

1.    I, _Luke Thompsson_, am the ~~plaintiff~~/defendant in the above entitled action,

*(name)*            *(circle one)*

and respectfully move this Court to issue an order _vacating 2/3/11 order of dismissal_ /remand

*(state what you want the Judge to order)*

2.    The reason why I am entitled to the relief I seek is the following *(state all your reasons*

*using additional paragraphs and sheets of paper as necessary)*: _For all of the reasons stated in my 3-page fax sent to Judge Preska's Chambers on 2/25 at 7:30 PM, and pursuant to Rule 60 of civil procedure (attached is memo of law provided by the clerk, and my fax/letter_

**WHEREFORE,** I respectfully request that the Court grant this motion, as well as such

other and further relief as may be just and proper.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: _New York_, _NY_
*(city)*      *(state)*

_February 26_, 20_11_
*(month)* *(day)*  *(year)*

Signature _____
Address _189 Stony Hill Rd_
_Yardley PA 19067_
Telephone Number _215/321-4144_
Fax Number *(if you have one)* _____

February 25, 2011

*↗ Successfully Delivered @ 7:30 PM 2/25/11*

**VIA FACSIMILE (212/805-7941)**

To:      Chambers of the Honorable Loretta A. Preska
              Chief Judge of the United States District Court

From:    Luke Thompson (defendant in case 10-CV-9488-LAP)

Re:      <u>Error in sua sponte order of dismissal</u>


Dear Chambers:

I've been in frequent contact with the clerk's office and monitoring this case waiting for the court to assign a judge and allow me to make farther filings (the last entry on the docket prohibited farther filings until a judge was assigned), and noticed that **today the clerk entered a "sue sponte" order by you, dismissing and remanding the case.** I don't know why it wasn't entered until today, but nonetheless, with all due respect and with high regard for the accuracy of your other decisions in prominent cases, I bring a mistake to your attention that was central to your decision: <u>it was the Plaintiff who brought the motion first inferring federal jurisdiction, not me.</u>

Everywhere in my removal notice where I stated "Plaintiff," I was referring to the Plaintiff in the case, 1010 Sixth Associates LLC, and not myself; I am actually the Defendant even though I'm the one who initiated the case in this court. I know most of the pro se litigants filing cases are usually plaintiffs not defendants, so it would be extremely easy to interpret the words "*plaintiff's motion*" in my removal notice as synonymous to the words "*my motion*," and in fact you substituted the word "*Plaintiff*" with both "*[he]*" and "*[his]*," referring to me, but I'm the defendant, when quoting my removal notice, for example in the following excerpt of your decision:

> "**Defendant** *asserts that "the first pleading or motion from which it may be ascertained that the case is one which is or has become removable is* **[his]** *motion, brought on or about November 17, 2010, where* **[he]** *seeks for the State Court to void proceedings "based on the automatic bankruptcy stay, pursuant to 11 U.S.C. § 362(a)."* **(Emphasis Added)**

This is an apparent oversight, since I had said "Plaintiff's Motion" in my removal notice, and I was referring to <u>my adversary's motion to vacate judgments, even though those judgments it was seeking to vacate were judgments in its own favor</u> (based on the bankruptcy code rendering them void).

Of course, it is also highly unusual for a winning Plaintiff to seek to vacate judgments in its favor! However, in this case they were in fact the ones doing this, but not as 'good samaritans' as it may seem, but in an effort to avoid what the Bankruptcy Judge told them they had to do LONG ago when he denied their 1st motion (*file a new case because the*

*entire state case. that I'm now seeking to remove here, was void, having been conducted entirely in violation of the automatic bankruptcy stay- albeit mostly in unintentional violation of the stay).* Instead of filing new case, the Plaintiff invented a shortcut and cleverly made a November 2010 motion before the state court to get a re-statement of that state court's previous findings in that case, even though that entire case had been made and proceeded in violation of the automatic stay, AND had already been declared entirely void by the bankruptcy court! Obviously the motion has no merit, which is why I removed this case; so the bankruptcy court will hear this nonsensical motion they've brought in state court, essentially trying to reargue the motion that they lost in bankruptcy court 3 months prior to bringing this motion, now that they no longer have the automatic stay.

I do not believe that federal laws allow direct removal to the bankruptcy court, and upon researching the court's files noticed that cases with substantial or threshold matters of bankruptcy law have successfully been removed to the NYSD district court as an intermediary, and subsequently successful referred to the bankruptcy court, where I expect this case against me will be promptly dismissed as void.

Your order notes that a case may not be removed for a federal question raised as part of a defense, and that such a "defense" does not confer the Court with jurisdictioon:

> *"**Defendant's** assertion of a federal defense in November 2010 fails to confer this Court with subject matter jurisdiction, it likewise fails to render this submission timely. Accordingly, the Notice of Removal is denied and the matter is remanded to state court. 28 U.S.C. §1447(c). " (Emphasis Added)*

I believe upon reviewing my pleadings again, that it's clear that the **Plaintiff** in this case was the one who both brought the November 2010 motion and placed the threshold matter of US Bankruptcy law upon the state court, since it was *their* motion to vacate orders, etc. pursuant to the Bankruptcy code, to try to escape the effect of bankruptcy court's prior order declaring this entire state court case completely void (US Bankruptcy Judge James M. Peck when he denied their 1st motion in bankruptcy court on September 1st 2010). Instead of promptly filing a new case like instructed by the judge, and the Plaintiff's counsel indicated to me that he would do, they instead did nothing, and continued to do nothing for 3 months after receiving relief from the stay in their 2nd bankruptcy motion, and then finally brought this motion before the state court to essentially reargue what the bankruptcy court already denied. I made no pleadings in state court in November 2010. It was the Plaintiff who raised the bankruptcy question to the state court in their motion after having lost that exact same federal question in bankruptcy court 3 months prior. This motion was the Plaintiff's request at reviving an old case over which the bankruptcy court had already delcared void. Here, the Plaintiff attempted to get a better result in state court by requesting that the state court simply void <u>less of the proceeding</u> than the bankruptcy court already had in declaring the whole case void, and the Plaintiff is completely silent as to the Bankruptcy court's adverse ruling in this November 2010 motion, in attempt to get the state court to rule just slightly differently, allowing them to not only revive the case, but get a restatement of the void orders,

founded 100% on void proceedings, in spite of the fact that the bankruptcy court already declared their case completely 100% void, since it was served and all proceedings were done in violation of the bankruptcy stay (albeit most were unintentional).

To that end, I request that you consider withdraw of your sue sponte decision, as it relates to remand, and allow the Plaintiff to bring its own motion if it feels such relief is warranted, and if no such motion is made within a reasonable time, refer the case to the bankruptcy court.

Thank you so much for your dedication of time to my case; I truly appreciate it!

Respectfully made,
**Luke Thompson, Pro se**
**Removing Defendant**

 **Gmail**

Luke Thompson <lthompson1@gmail.com>

# Fax Confirmation -OK

**RapidFAX <reports@rapidfax.com>**                                    **Fri, Feb 25, 2011 at 7:31 PM**
To: Thompson <luke@b1models.com>

Your fax to 2128057941 at fax number 2128057941 succeeded.

FSID: 17235621

Attempts made: 1
Pages delivered: 3
Minutes spent delivering this fax : 1.3
The baud rate was: 21600

The following are the attempts made and the result that occured:
02/25/2011 - 16:30:09 - 0( Success )

Documents being delivered:
1  Removal Fax to USDC Chief Judges Chambers.pdf

throughout the rules. These changes are intended to be stylistic only.

## 2009 Amendments

Former Rules 50, 52, and 59 adopted 10–day periods for their respective post-judgment motions. Rule 6(b) prohibits any expansion of those periods. Experience has proved that in many cases it is not possible to prepare a satisfactory post-judgment motion in 10 days, even under the former rule that excluded intermediate Saturdays, Sundays, and legal holidays. These time periods are particularly sensitive because Appellate Rule 4 integrates the time to appeal with a timely motion under these rules. Rather than introduce the prospect of uncertainty in appeal time by amending Rule 6(b) to permit additional time, the former 10–day periods are expanded to 28 days. Rule 6(b) continues to prohibit expansion of the 28–day period.

Former Rule 59(c) set a 10–day period after being served with a motion for new trial to file opposing affidavits. It also provided that the period could be extended for up to 20 days for good cause or by stipulation. The apparent 20–day limit on extending the time to file opposing affidavits seemed to conflict with the Rule 6(b) authority to extend time without any specific limit. This tension between the two rules may have been inadvertent. It is resolved by deleting the former Rule 59(c) limit. Rule 6(b) governs. The underlying 10–day period was extended to 14 days to reflect the change in the Rule 6(a) method for computing periods of less than 11 days.

## Rule 60.   Relief from a Judgment or Order

**(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment

that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

**(c) Timing and Effect of the Motion.**

(1) *Timing.* A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

(2) *Effect on Finality.* The motion does not affect the judgment's finality or suspend its operation.

**(d) Other Powers to Grant Relief.** This rule does not limit a court's power to:

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

(2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or

(3) set aside a judgment for fraud on the court.

**(e) Bills and Writs Abolished.** The following are abolished: bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela.

(Amended December 27, 1946, effective March 19, 1948; December 29, 1948, effective October 20, 1949; March 2, 1987, effective August 1, 1987; April 30, 2007, effective December 1, 2007.)

## 1937 Adoption

**Note to Subdivision (a).** See [former] Equity Rule 72 (Correction of Clerical Mistakes in Orders and Decrees); Mich.Court Rules Ann. (Searl, 1933) Rule 48, § 3; 2 Wash. Rev.Stat.Ann. (Remington, 1932) § 464(3); Wyo.Rev.Stat. Ann. (Courtright, 1931) § 89–2301(3). For an example of a very liberal provision for the correction of clerical errors and for amendment after judgment, see Va.Code Ann. (Michie, 1936) §§ 6329, 6333.

**Note to Subdivision (b).** Application to the court under this subdivision does not extend the time for taking an appeal, as distinguished from the motion for new trial. This section is based upon Calif.Code Civ.Proc. (Deering, 1937) § 473. See also N.Y.C.P.A. (1937) § 108; 2 Minn.Stat. (Mason, 1927) § 9283.

For the independent action to relieve against mistake, etc., see Dobie, *Federal Procedure*, pages 760 to 765, compare 639; and Simkins, *Federal Practice*, ch. CXXI (pp. 820 to 830) and ch. CXXII (pp. 831 to 834), compare § 214.

## 1946 Amendment

**Note. Subdivision (a).** The amendment incorporates the view expressed in *Perlman v. 322 West Seventy-Second Street, Co., Inc.,* C.C.A.2d, 1942, 127 F.2d 716; 3 *Moore's Federal Practice*, 1938, 3276, and further permits correction after docketing, with leave of the appellate court. Some courts have thought that upon the taking of an appeal the

court lost its power to act. See *Schram v. Safety
ment Co.*, E.D.Mich.1942, 45 F.Supp. 636; also *Miller
v. States*, C.C.A.7th, 1940, 114 F.2d 267.

Division (1). When promulgated, the rules contained
a number of provisions, including those found in Rule 60(b),
affecting the practice by a motion to obtain relief from
judgments, and these rules, coupled with the reservation in
Rule 60(b) of the right to entertain a new action to relieve a
party from a judgment, were generally supposed to cover the
field. Since the rules have been in force, decisions have been
rendered that the use of bills of review, coram nobis, or
audita querela, to obtain relief from final judgments is still
proper, and that various remedies of this kind still exist
although they are not mentioned in the rules and the practice
thereby prescribed in the rules. It is obvious that the rules
should be complete in this respect and define the practice
with respect to any existing rights or remedies to obtain
relief from final judgments. For extended discussion of the
common law writs and equitable remedies, the interpreta-
tion of Rule 60, and proposals for change, see Moore and
Rogers, *Federal Relief from Civil Judgments*, 1946, 55 Yale
L.J. 623. See also 3 *Moore's Federal Practice*, 1938, 3254 et
seq.; Commentary, *Effect of Rule 60b on Other Methods of
Relief From Judgment*, 1941, 4 Fed.Rules Serv. 942, 945;
*Preveden v. United States*, C.C.A.2d, 1944, 142 F.2d 240,
certiorari denied 65 S.Ct. 37, 323 U.S. 712, 89 L.Ed. 573.

The reconstruction of Rule 60(b) has for one of its pur-
poses a clarification of this situation. Two types of proce-
dure to obtain relief from judgments are specified in the
rules as it is proposed to amend them. One procedure is by
motion in the court and in the action in which the judgment
rendered. The other procedure is by a new or indepen-
dent action to obtain relief from a judgment, which action
may or may not be begun in the court which rendered the
judgment. Various rules, such as the one dealing with a
motion for new trial and for amendment of judgments, Rule
59, one for amended findings, Rule 52, and one for judgment
notwithstanding the verdict, Rule 50(b), and including the
provisions of Rule 60(b) as amended, prescribe the various
types of cases in which the practice by motion is permitted.
Each case there is a limit upon the time within which
resort to a motion is permitted, and this time limit may not
be enlarged under Rule 60(b). If the right to make a motion
by the expiration of the time limits fixed in these rules,
any other procedural remedy is by a new or independent
action to set aside a judgment upon those principles which
have heretofore been applied in such an action. Where the
independent action is resorted to, the limitations of time are
those of laches or statutes of limitations. The Committee
has endeavored to ascertain all the remedies and types of
relief heretofore available by coram nobis, coram vobis, audi-
ta querela, bill of review, or bill in the nature of a bill
of review. See Moore and Rogers, *Federal Relief from Civil
Judgments*, 1946, 55 Yale L.J. 623, 659 to 682. It endeav-
ored then to amend the rules to permit, either by motion or
independent action, the granting of various kinds of relief
from judgments which were permitted in the federal courts
prior to the adoption of these rules, and the amendment
concludes with a provision abolishing the use of bills of
review and the other common law writs referred to, and
confining the practice to be by motion or by independent
action.

To illustrate the operation of the amendment, it will be
noted that under Rule 59(b) as it now stands, without amend-
ment, a motion for new trial on the ground of newly discover-
ed evidence is permitted within ten days after the entry of
the judgment, or after that time upon leave of the court. It
is proposed to amend Rule 59(b) by providing that under that
rule a motion for new trial shall be served not later than ten
days after the entry of the judgment, whatever the ground
be for the motion, whether error by the court or newly
discovered evidence. On the other hand, one of the purposes
of the bill of review in equity was to afford relief on the
ground of newly discovered evidence long after the entry of
the judgment. Therefore, to permit relief by a motion
similar to that heretofore obtained on bill of review, Rule
60(b) as amended permits an application for relief to be made
by motion, on the ground of newly discovered evidence,
within one year after judgment. Such a motion under Rule
60(b) does not affect the finality of the judgment, but a
motion under Rule 59, made within 10 days, does affect
finality and the running of the time for appeal.

If these various amendments, including principally those to
Rule 60(b), accomplish the purpose for which they are in-
tended, the federal rules will deal with the practice in every
sort of case in which relief from final judgments is asked, and
prescribe the practice. With reference to the question
whether, as the rules now exist, relief by coram nobis, bills of
review, and so forth, is permissible, the generally accepted
view is that the remedies are still available, although the
precise relief obtained in a particular case by use of these
ancillary remedies is shrouded in ancient lore and mystery.
See *Wallace v. United States*, C.C.A.2d, 1944, 142 F.2d 240,
certiorari denied 65 S.Ct. 37, 323 U.S. 712, 89 L.Ed. 573;
*Fraser v. Doing*, App.D.C.1942, 130 F.2d 617; *Jones v.
Watts*, C.C.A.5th, 1944, 142 F.2d 575; *Preveden v. Hahn*,
S.D.N.Y.1941, 36 F.Supp. 952; *Cavallo v. Agwilines, Inc.*,
S.D.N.Y.1942, 6 Fed.Rules Serv. 60b.31, Case 2, 2 F.R.D.
526; *McGinn v. United States*, D.C.Mass.1942, 6 Fed.Rules
Serv. 60b.51, Case 3, 2 F.R.D. 562; *City of Shattuck, Okla-
homa ex rel. Versluis v. Oliver*, W.D.Okl.1945, 8 Fed.Rules
Serv. 60b.31, Case 3; Moore and Rogers, *Federal Relief from
Civil Judgments*, 1946, 55 Yale L.J. 623, 631 to 653; 3
*Moore's Federal Practice*, 1938, 3254 et seq.; Commentary,
*Effect of Rule 60b on Other Methods of Relief From Judg-
ment*, op. cit. supra. Cf. *Norris v. Camp*, C.C.A.10th, 1944,
144 F.2d 1; *Reed v. South Atlantic Steamship Co. of Dela-
ware*, D.Del.1942, 2 F.R.D. 475, 6 Fed.Rules Serv. 60b.51,
Case 1; *Laughlin v. Berens*, D.D.C.1945, 8 Fed.Rules Serv.
60b.51, Case 1, 73 W.L.R. 209.

The transposition of the words "the court" and the addition
of the word "and" at the beginning of the first sentence are
merely verbal changes. The addition of the qualifying word
"final" emphasizes the character of the judgments, orders or
proceedings from which Rule 60(b) affords relief; and hence
interlocutory judgments are not brought within the restric-
tions of the rule, but rather they are left subject to the
complete power of the court rendering them to afford such
relief from them as justice requires.

The qualifying pronoun "his" has been eliminated on the
basis that it is too restrictive, and that the subdivision should
include the mistake or neglect of others which may be just as
material and call just as much for supervisory jurisdiction as
where the judgment is taken against the party through *his*
mistake, inadvertence, etc.

**RULES OF CIVIL PROCEDURE**

## Rule 60

Fraud, whether intrinsic or extrinsic, misrepresentation, or other misconduct of an adverse party are express grounds for relief by motion under amended subdivision (b). There is no sound reason for their exclusion. The incorporation of fraud and the like within the scope of the rule also removes confusion as to the proper procedure. It has been held that relief from a judgment obtained by extrinsic fraud could be secured by motion within a "reasonable time," which might be after the time stated in the rule had run. *Fiske v. Buder*, C.C.A.8th, 1942, 125 F.2d 841; see also inferentially *Bucy v. Nevada Construction Co.*, C.C.A.9th, 1942, 125 F.2d 213. On the other hand, it has been suggested that in view of the fact that fraud was omitted from original Rule 60(b) as a ground for relief, an independent action was the only proper remedy. Commentary, *Effect of Rule 60b on Other Methods of Relief From Judgment*, 1941, 4 Fed.Rules Serv. 942, 945. The amendment settles this problem by making fraud an express ground for relief by motion; and under the saving clause, fraud may be urged as a basis for relief by independent action insofar as established doctrine permits. See Moore and Rogers, *Federal Relief from Civil Judgments*, 1946, 55 Yale L.J. 623, 653 to 659; 3 Moore's Federal Practice, 1938, 3267 et seq. And the rule expressly does not limit the power of the court, when fraud has been perpetrated upon it, to give relief under the saving clause. As an illustration of this situation, see *Hazel-Atlas Glass Co. v. Hartford Empire Co.*, 1944, 64 S.Ct. 997, 322 U.S. 238, 88 L.Ed. 1250.

The time limit for relief by motion in the court and in the action in which the judgment was rendered has been enlarged from six months to one year.

It should be noted that Rule 60(b) does not assume to define the substantive law as to the grounds for vacating judgments, but merely prescribes the practice in proceedings to obtain relief. It should also be noted that under § 200(4) of the Soldiers' and Sailors' Civil Relief Act of 1940, § 501 et seq. [§ 520(4)] of the Appendix to Title 50, a judgment rendered in any action or proceeding governed by the section may be vacated under certain specified circumstances upon proper application to the court.

### 1948 Amendment

The amendment effective October, 1949 substituted the reference to "Title 28, U.S.C. § 1655," in the next to the last sentence of subdivision (b), for the reference to "Section 57 of the Judicial Code, U.S.C., Title 28, § 118".

### 1987 Amendment

The amendment is technical. No substantive change is intended.

### 2007 Amendments

The language of Rule 60 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.

The final sentence of former Rule 60(b) said that the procedure for obtaining any relief from a judgment was by motion as prescribed in the Civil Rules or by an independent action. That provision is deleted as unnecessary. Relief continues to be available only as provided in the Civil Rules or by independent action.

## Rule 61.   Harmless Error

Unless justice requires otherwise, no error in admitting or excluding evidence—or any other error by the court or a party—is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

(Amended April 30, 2007, effective December 1, 2007.)

### 1937 Adoption

A combination of U.S.C., Title 28, § 2111, [former] § 391 (New trials; harmless error) and [former] § 777 (Defects of form; amendments) with modifications. See *McCandless v. United States*, 1936, 56 S.Ct. 764, 298 U.S. 342, 80 L.Ed. 1205. Compare [former] Equity Rule 72 (Correction of Clerical Mistakes in Orders and Decrees); and last sentence of [former] Equity Rule 46 (Trial—Testimony Usually Taken in Open Court—Rulings on Objections to Evidence). For the last sentence see the last sentence of [former] Equity Rule 19 (Amendments Generally).

### 2007 Amendments

The language of Rule 61 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.

## Rule 62.   Stay of Proceedings to Enforce a Judgment

**(a) Automatic Stay; Exceptions for Injunctions, Receiverships, and Patent Accountings.** Except as stated in this rule, no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry. But unless the court orders otherwise, the following are not stayed after being entered, even if an appeal is taken:

   (1) an interlocutory or final judgment in an action for an injunction or a receivership; or

   (2) a judgment or order that directs an accounting in an action for patent infringement.

**(b) Stay Pending the Disposition of a Motion.** On appropriate terms for the opposing party's security, the court may stay the execution of a judgment—or any proceedings to enforce it—pending disposition of any of the following motions:

   (1) under Rule 50, for judgment as a matter of law;

   (2) under Rule 52(b), to amend the findings or for additional findings;

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*1010 Sixth Associates LLC*

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

*10* Civ. *9488(LAP)*

- against -

*Luke Thompson, et al*

**AFFIRMATION OF SERVICE**

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

I, *Luke Thompson*, declare under penalty of perjury that I have
        *(name)*

served a copy of the attached *Notice of Motion, Affirmation in Support of Motion, & Exhibit*
        *(document you are serving)*

upon *1010 Sixth Associates LLC* whose address is _____
        *(name of person served)*

*C/o Stephen Cohen Esq, 377 Broadway, NY, NY 10013*
        *(where you served document)*

by *First-Class Mail*
        *(how you served document: For example - personal delivery, mail, overnight express, etc.)*

Dated: *New York*, *NY*
        *(town/city)*   *(state)*

*March*   *1*, 20 *11*
*(month)*   *(day)*   *(year)*

_____
Signature

*689 Stony Hill Rd*
Address

*Yardley PA*
City, State

*19067*
Zip Code

*215/321-4144*
Telephone Number

*Rev 05/2007*