```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/4/2011
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
1010 SIXTH ASSOCIATES LLC,

                Plaintiff,

    -against-

LUKE THOMPSON,

                Defendant.
------------------------------------------------------X

ORDER

10 Civ. 9488 (LAP)

LORETTA A. PRESKA, Chief United States District Judge:

    On December 15, 2010, Defendant filed this Notice of Removal, pursuant to 28 U.S.C. § 1446(a), to remove a holdover proceeding from New York County Civil Court. The first hearing in that matter occurred on January 6, 2010, and proceedings have been ongoing since then. See 1010 Sixth Associate LLC v. Thompson, Luke, No. 98989/09 (N.Y. Co. Civ. Ct.); http://iapps.courts.state.ny.us/housing/ (New York State Unified Court System website, last visited on March 15, 2011). Defendant sought removal based on a Motion filed by Plaintiff in the state court on November 17, 2010. Defendant asserted that Plaintiff's Motion raised for the first time a "substantial" question of federal law, the automatic bankruptcy stay provision of 11 U.S.C. § 362. Defendant attached, without objection, a copy of Plaintiff's Motion to his Notice of Removal.

    In the Motion, Plaintiff asserted that Defendant failed to alert it or the court that he had filed two bankruptcy petitions in 2010.[1] According to Plaintiff, it learned of the bankruptcy

---

[1] Defendant's first bankruptcy petition was filed on January 12, 2010 and dismissed on June 21, 2010, and the second one was filed on June 24, 2010, and dismissed on March 9, 2011. See In re Luke Thompson, 10-10121 (Bankr. S.D.N.Y. June 21, 2010). According to Plaintiff, the bankruptcy court vacated the automatic stay on September 23, 2010. Motion, ¶ 21.

ORDER MAILED BY PRO SE OFFICE ON 4/4/11

petitions on June 24, 2010, "just before [Defendant's] eviction was scheduled by the Marshal to take place." Motion, ¶ 15. According to Plaintiff:

> all the actions taken in this case subsequent to January 12, 2010, the date of the filing of the First Bankruptcy Case through June 21, 2010, the date of the dismissal of the First Bankruptcy Case, were void, even though done inadvertently by [Plaintiff] and the Court, due to [Defendant's] failure to apprise this Court of the pending First Bankruptcy Case and to list Petitioner as a creditor, as required by law.

Motion, ¶ 22. Plaintiff asserted that the matter was "still a properly pending proceeding" since it "was commenced prior to the filing of the First Bankruptcy Case." Id., ¶ 23.

On February 3, 2011, this Court dismissed the action for lack of subject matter jurisdiction and remanded it to the state court, rejecting Defendant's assertion that the bankruptcy stay issue gave this Court jurisdiction over his landlord/tenant matter because (1) a federal question must appear on the face of a properly pleaded complaint; and (2) it was insufficient for jurisdictional purposes that a federal question arise via a defense. Moreover, the Court held that even if the Notice of Removal could be construed as presenting a federal question, it was untimely pursuant to 28 U.S.C. § 1446(b). Finally, the Court also held that the amount in controversy did not meet the requisite statutory amount for diversity jurisdiction.

Defendant has now submitted a letter, a motion to vacate, and an Order to Show Cause to stay the housing court proceedings and eviction. Defendant claims that this Court erred in concluding that he had raised the bankruptcy stay as a defense because Plaintiff raised it in its Motion.

## DISCUSSION

The Court will liberally construe Plaintiff's filings as seeking reconsideration of the order dismissing the action and remanding it to the state court. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) *(per curiam)*. Under Rule 60(b) of the Federal Rules of Civil Procedure, a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under [Fed. R. Civ. P.] 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). A party moving for reconsideration must demonstrate that the Court overlooked factual matters or controlling decisions "that might materially have influenced its earlier decision." Morser v. AT&T Information Sys., 715 F. Supp. 516, 517 (S.D.N.Y. 1989) (citations omitted).

Nothing in Plaintiff's submissions to the Court justifies setting aside the prior Order. Removal jurisdiction must be "strictly construed," Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32 (2002), and any doubts resolved against removability "out of respect for the limited jurisdiction of the federal courts and the rights of states." In re Methyl Tertiary Butyl Ether ("MTBE") Products, 488 F.3d 112, 124 (2d Cir. 2007). The burden of proving the Court's removal jurisdiction rests upon the party asserting jurisdiction. See California Public Employees' Retirement Sys. v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir. 2004). Federal courts

have original federal question jurisdiction only where "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 690 (2006). A "suit seeking recovery under state law" is not "transformed into a suit 'arising under' federal law merely because, to resolve it, the court may need to interpret federal law." Sullivan v. American Airlines, Inc., 424 F.3d 267, 271 (2d Cir. 2005); Kalamas v. Consumer Solutions Reo, L.L.C., 09 Civ. 5045, 2010 WL 4811894 (E.D.N.Y. Nov. 17, 2010) (*pro se* litigant's allegation that state court proceedings violated the automatic bankruptcy stay "involves a straight application of the statute to the facts of this case, without the necessity for any interpretation or construction of the meaning, validity or effect of that law.")

Defendant has failed to carry his burden of proof that this matter is removable. This Court lacks jurisdiction over state landlord tenant disputes. United Mutual Houses, L.P. v. Andujar, 230 F. Supp. 2d 349 (S.D.N.Y. 2002). Defendant asserts that he did not raise 11 U.S.C. § 362 as a defense, and that the issue of the automatic bankruptcy stay first arose in the state court proceedings in Plaintiff's November 17, 2010 Motion. Yet Plaintiff was merely alerting the state court that Defendant had filed two bankruptcy petitions because Defendant failed to do so. Had Defendant alerted the state court and Plaintiff in a timely manner that he had filed for bankruptcy, the holdover proceeding could have been stayed until the bankruptcy matter was resolved. To the extent the bankruptcy stay was an issue in the holdover proceedings, both bankruptcy petitions have been dismissed, there is no stay in place, and the state court can resolve the landlord/tenant matter before it. Having reviewed Plaintiff's submission carefully,

the Court nevertheless adheres to its prior decision. Defendant's motion for reconsideration and Order to Show Cause are denied.

## CONCLUSION

The motion and Order to Show Cause are denied. **No further filings will be accepted except those directed to the Court of Appeals for the Second Circuit.**

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*[signature]*
LORETTA A. PRESKA
Chief United States District Judge

Dated: APR 04 2011
New York, New York

5